BOYER, Chief Judge.
Appellant was charged by information for the crime of breaking and entering a building with intent to commit a felony, to-wit: grand larceny, and in a second count for grand larceny. He entered a plea of not guilty to both counts and the case proceeded to trial. At the trial appellant was represented by an attorney of his own choice who was and is a leader in his community, an experienced ■ trial lawyer with more than, twenty years of experience in both State and Federal Courts and well known and respected in legal circles. In short, appellant enjoyed at the trial effective representation of counsel.
The jury returned a verdict of guilty on both counts and defendant was sentenced to ten years for breaking and entering and five years for grand larceny, sentences to run consecutively.
Appellant now presents two points for our consideration as the basis of this appeal :
“WHETHER THE COURT ERRED BY ITS REFUSAL TO GRANT A MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE CHAIN OF CUSTODY AND IDENTIFICATION OF THE EVIDENCE WAS NOT PROPERLY ESTABLISHED TO CONNECT THE EVIDENCE TO THE DEFENDANT.
“WHETHER THE COURT ERRED BY ITS REFUSAL TO GRANT DEFENDANT’S MOTION FOR NEW TRIAL BECAUSE EVIDENCE OF A SIMILAR OFFENSE WAS PRESENTED, SUCH EVIDENCE BEING IRRELEVANT TO THE CRIME CHARGES; AND BECAUSE EVEN IF SUCH EVIDENCE WAS RELEVANT IT BECAME SUCH A FEATURE OF THE TRIAL SO AS TO BE EXTREMELY PREJUDICIAL THUS PREVENTING A FAIR AND IMPARTIAL TRIAL.”
Every word of the record on appeal, including the complete transcript of the trial, the briefs filed hereby by appellant and the State have been read and carefully consid-. ered. Nothing will be added to the jurisprudence of this State by a lengthy recitation or summary of the evidence adduced *120 at the trial. Suffice to say, we have carefully considered the evidence in light of the argument presented by appellant’s counsel both at the trial and in the briefs herein, and we fail to find reversible error. Appellant’s counsel, in his briefs, has done an excellent job with that with which he had to work. However, his arguments in support of the points presented are not sustained by the record. We have also looked for fundamental error and find none. It is true that the cold record reflects commissions and omissions by appellant’s trial counsel which may retrospectively be criticized as errors. However, a careful reading of the record reflects that such were intentionally planned trial tactics which is the prerogative (indeed the duty) of experienced trial counsel.
In summary, our examination of the record reveals that the chain of custody and identification of the physical evidence which was introduced at the trial was sufficient, that such evidence was properly admitted and that the testimony did in fact connect the physical evidence, being the fruits of the robbery, to the defendant. Further, the record revealed that the evidence of another offense, to-wit: another robbery, on the same day and in the same area as the robbery for which appellant was being tried and was ultimately convicted, was admitted without obj ection; and even if there had been objection the evidence was properly admitted because it corroborated the testimony of appellant’s accomplice by establishing appellant’s presence (denied by him) in the area at the time of the robbery and it corroborated the testimony of other witnesses relative to disposition by appellant of the fruits of the robbery for which he was charged.
Appellant now argues that a greater number of pages of the transcript is devoted to testimony relative to the “other robbery” than is devoted to testimony relative to the robbery for which appellant was convicted. He fails to recognize, however, that a substantial portion of that testimony was adduced by appellant’s own counsel on cross examination.
Finding that the record reveals that appellant received a fair and impartial trial free of reversible or fundamental error, we affirm.
RAWLS and McCORD, JJ., concur.